FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUN 29 2022

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

DEPUTY

JTW: 02.02.22
ECW: USAO# 2018R00612

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PWG-19-140** |
| | * | |
| **CEDRIC HITE** | * | **(Conspiracy to Distribute and Possess** |
| | * | **with the Intent to Distribute** |
| **Defendant.** | * | **Controlled Substances, 21 U.S.C. §** |
| | * | **846; Forfeiture 21 U.S.C. § 853, 28** |
| | * | **U.S.C. § 2461(c)).** |

**\*\*\*\*\*\*\***

## SUPERSEDING INFORMATION

### COUNT ONE
**(Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances)**

The United States Attorney for the District of Maryland charges that:

From about 2018 to on or about April 3, 2019, in the District of Maryland, the defendant,

## CEDRIC HITE,

did knowingly combine, conspire, confederate, and agree with persons known and unknown, to

distribute and possess with the intent to distribute a mixture or substance containing a detectable

amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

## **FORFEITURE**

The United States Attorney for the District of Maryland further finds that:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853 and 28 U.S.C. § 2461(c) in the event of the Defendant's conviction under Count One of this Superseding Information.

### **Narcotics Forfeiture**

2.      As a result of the offense set forth in Counts One incorporated here, the Defendant shall forfeit:

> a.   any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and
>
> b.   any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3.      The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### **Substitute Assets**

4.      Pursuant to 21 U.S.C. § 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendant:

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third person;

2

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been comingled with other property which cannot be subdivided without

        difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the

value of the property charged with forfeiture in the paragraphs above.

28 U.S.C. § 2461(c)
21 U.S.C. § 853

_Erek Barron /EW/_
Erek L. Barron
United States Attorney

_6/29/22_
Date